United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50424
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL OROPEZA-ANGELES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-544-1-AML
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Manuel Oropeza-Angeles (Oropeza) appeals from his 48-month sentence and conviction following his guilty plea to illegal reentry following deportation. 8 U.S.C. § 1326(a),(b). Oropeza's brief can be construed as challenging, for the first time on appeal, the district court's mandatory application of the Sentencing Guidelines in violation of United States v. Booker, 543 U.S. 220 (2005), an argument that has been termed "Fanfan error." United States v. Walters, 418 F.3d 461, 463 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005).

Fanfan error meets the first two prongs of the plain error analysis.  United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  Because Oropeza has failed to demonstrate that the error affected the outcome in the district court, his claim of Fanfan error does not warrant relief.  See id. at 733-34.

Oropeza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Oropeza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Oropeza concedes that his argument appears to be foreclosed by Almendarez-Torres, but he also argues, for the first time on appeal, that Almendarez-Torres is distinguishable because the Supreme Court in Apprendi, 530 U.S. at 487-88, limited its holding in Almendarez-Torres to cases in which the defendant specifically admitted the predicate felony used to enhance his sentence.  He also argues, for the first time on appeal, that he did not admit to the prior felony conviction and that the evidence was insufficient at sentencing to support his enhanced sentence under § 1326(b).

<u>Apprendi</u> did not limit <u>Almendarez-Torres</u>'s holding to cases in which the defendant admits having committed the predicate felony prior to pleading guilty.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 487-90. Oropeza has not demonstrated error, plain or otherwise.

**AFFIRMED.**

3